# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TERESA L. WILLIAMS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN W. COLVIN, )<br>Acting Commissioner of the Social )<br>Security Administration, )<br>)<br>Defendant. ) | Case No. CIV-14-055-SPS |

## OPINION AND ORDER AWARDING
## ATTORNEYS' FEES TO THE PLAINTIFF UNDER THE EAJA

The Plaintiff was the prevailing party in this appeal of the Commissioner of the Social Security Administration's decision denying benefits under the Social Security Act. She seeks attorneys' fees in the amount of $5,581.80 and costs in the amount of $400.00, under the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412. *See* Plaintiff's Application for an Award of Attorneys' Fees Under the Equal Access to Justice Act and Motion for Award of Court Costs [Docket No. 19]. The Commissioner does not object to the award of costs in the amount of $400.00, but objects to the award of fees and urges the Court to deny the request or award a lesser amount. For the reasons set forth below, the Court concludes that the Plaintiff should be awarded the requested fees and costs under the EAJA as the prevailing party herein.

The Commissioner's response asserts that her position was substantially justified on two grounds: (i) in defending the ALJ's rejection of a treating physician opinion, and

(ii) because the Plaintiff did not raise the ALJ's mental RFC findings as a reason for reversal. The Court will address each of these issues *seriatim*.

On appeal, the Plaintiff asserted, *inter alia*, that the ALJ improperly discounted the opinion of her treating physician. The Commissioner asserts that her position was substantially justified because: (i) the Court stated it rejected "most of" the ALJ's reasons for assigning little weight to the opinion and therefore did not reject "all of" them, (ii) she raised on appeal reasonable arguments to support the ALJ's finding of inconsistencies, and (iii) disagrees with this Court's findings as to the record regarding the Plaintiff's daily activities. *See* 28 U.S.C. § 2412(d)(1)(A) ("[A] court shall award to a prevailing party . . . fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."). The Court disagrees. In order to establish substantial justification, the Commissioner must show that there was a reasonable basis for the position she took not only on appeal but also in the administrative proceedings below. *See, e. g., Gutierrez v. Sullivan*, 953 F.2d 579, 585 (10th Cir. 1992) ("We consider the reasonableness of the position the Secretary took both in the administrative proceedings and in the civil action Plaintiff commenced to obtain benefits."), *citing Fulton v. Heckler*, 784 F.2d 348, 349 (10th Cir. 1986). *See also Marquez v. Colvin*, 2014 WL 2050754, at *2 (D. Colo. May 16, 2014) ("For purposes of this litigation, the Commissioner's position is both the position it took in the underlying administrative proceeding and in subsequent litigation defending that position."). The Commissioner's argument as to the Court rejecting "most" but "not all" of the ALJ's reasoning ignores and further crystallizes the

underlying problem that the ALJ engaged in improper picking and choosing to arrive at his conclusion, which was precisely the problem with regard to the Plaintiff's daily activities as well. Furthermore, although the Commissioner may have provided a reasonable *post hoc* basis for the ALJ's assessment of Dr. Farrow's opinion on appeal, the ALJ did not do so in the first instance. Inasmuch as it was the ALJ's obligation to provide such a reasonable basis, *see, e. g., Clifton v. Chater,* 79 F.3d 1007, 1009 (10th Cir. 1996) ("In the absence of ALJ findings supported by specific weighing of the evidence, we cannot assess whether relevant evidence adequately supports the ALJ's conclusion[.]"). *See also Drapeau v. Massanari*, 255 F.3d 1211, 1214 (10th Cir. 2001) ("Although we review the ALJ's decision for substantial evidence, 'we are not in a position to draw factual conclusions on behalf of the ALJ.'"), *quoting Prince v. Sullivan,* 933 F.2d 598, 603 (7th Cir. 1991), it is difficult to see how anything said on appeal could justify the ALJ's failure to do so. *See Hackett v. Barnhart*, 475 F.3d 1166, 1174 (10th Cir. 2007) ("[W]e hold that EAJA 'fees generally should be awarded where the government's underlying action was unreasonable even if the government advanced a reasonable litigation position.'"), *quoting United States v. Marolf*, 277 F.3d 1156, 1159 (9th Cir. 2002).

Second, the Commissioner argues that the Plaintiff is not entitled to fees because the Plaintiff did not raise the additional errors regarding the claimant's severe mental impairments. Although that is perhaps an appropriate finding where that had been the sole reason for reversal, here the primary impetus for reversal was an argument raising by the Plaintiff. What matters here is that the Plaintiff was successful in obtaining a reversal

of the Commissioner's denial of benefits on the basis of one of the propositions she advanced. *See Marquez*, 2014 WL 2050754, at *2 ("Under the EAJA, 'fees generally should be awarded where the [Commissioner's] underlying action was unreasonable even if the [Commissioner] advanced a reasonable litigation position.'"), *quoting United States v. Marolf*, 277 F.3d 1156, 1159 (10th Cir. 2002). The Court therefore concludes that the Plaintiff should be awarded attorney's fees as the prevailing party under the EAJA. *See, e. g., Gibson-Jones v. Apfel,* 995 F. Supp. 825, 826-27 n.3 (N.D. Ill. 1998) (holding that the Commissioner's position was not substantially justified where the ALJ provided an inadequate basis for denying benefits and adding: "It would be unfair to require Ms. Gibson-Jones to appeal her denial of benefits and then not award her attorney's fees because the ALJ is given a second chance to support his position.").

Accordingly, IT IS ORDERED that the Plaintiff's Application for an Award of Attorneys' Fees Under the Equal Access to Justice Act and Motion for Award of Court Costs [Docket No. 19] is hereby GRANTED and that the Government is hereby ordered to pay attorney's fees in the amount of $5,581.80 and costs in the amount of $400.00 to the Plaintiff as the Prevailing party herein. IT IS FURTHER ORDERED that if the Plaintiff's attorney is subsequently awarded any fees pursuant to 42 U.S.C. § 406(b)(1), said attorney shall refund the smaller amount of such fees to the Plaintiff pursuant to *Weakley v. Bowen,* 803 F.2d 575, 580 (10th Cir. 1986).

**IT IS SO ORDERED** this 29th day of December, 2015.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma